1815.

EASTBURN
v.
KIRK.

June 23d.

---

June 23d.                    EASTBURN & DOWNES *against* KIRK.

Affidavits, *ex parte,* cannot be read in opposition to a motion made, on the coming in of the answer, to dissolve an injunction restraining one copartner from using the copartnership name, or doing any act relative to the partnership concern, or in support of the allegations in the bill.

The admission of *ex parte* affidavits is an exception to the general rule, and is allowable only in *waste,* or in cases where irreparable mischief might ensue.

ON the coming in of the answer, in this cause, a motion was made, by the defendant, to dissolve an injunction restraining the defendant, who was a copartner with the plaintiffs, as booksellers, in the city of *New-York,* from using the copartnership name, or doing any act whatever on account of the copartnership concern.

*T. A. Emmet*, in support of the motion.

*Harison* and *Wells*, contra.

The counsel, in opposition to the motion, and in support of the allegations in the bill, offered to read certain affidavits of witnesses taken *ex parte ;* and to show that the affidavits were admissible in such cases, they cited *Gibbs* v. *Cole*, 3 *P. Wms.* 255. *Strathmore* v. *Bowe*, 2 *Bro.* 89. *S. C. Dickens*, 673. 1 *Ves.* jun. 427. *Isaac* v. *Humpage*, 3 *Bro.* 463. *S. C. Langston* v. *Boylston*, 2 *Ves.* jun. 101. *Cooper's Eq. Treatise*, 154.

On the other side, to resist the introduction of the affidavits, was cited *Berkeley* v. *Brymer*, 9 *Ves.* 355.

THE CHANCELLOR. The *general* rule is against the admission of affidavits in these cases, and the instances in which they have been admitted are special, and exceptions to the general rule. Lord *Kenyon*, when Master of the Rolls, appears to have doubted the correctness of the practice in any case. They have been admitted in cases of *waste*, and in cases analogous, resting on the same principle, and where irreparable mischief might ensue ; and I am aware that partnership cases have been brought within this rule. In one of the cases cited, (2 *Bro.* 89.,) the affidavits sought to be read against the answer, were the original affidavits on which the injunction to stay waste had been founded, and which the defendant must have had an opportunity to have seen before his answer. In this case, the injunction was granted upon the filing of the bill, and the answer meets the charges ; but if these affidavits are to be admitted, the defendant, on whom they must operate as a surprise, can have no opportunity to meet them ; for it is well understood in all the cases, that affidavits cannot be admitted in support of the answer in this stage of the cause ; and the defendant might be condemned, upon the strength of

1815.

EASTBURN
v.
KIRK.

these affidavits, to a suspension of the exercise of his rights as a partner, until the hearing, without any opportunity or means of vindicating himself. This case does not strike me as very analogous to the case of waste. The injunction, here, is *not* to restrain the defendant from committing waste, or doing a positive wrong, but from the exercise of all his rights as partner, from the apprehension that he *may* abuse them. The allegation of previous abuse is made, on one side, by the bill, and denied on the other, by the answer; and if the answer be full, and a denial of all equity, and of every *gravamen* in the bill, it must, upon the present motion, be taken for true. If the injunction is dissolved, the defendant may, undoubtedly, abuse his rights as a partner, to the injury of his copartners; but the case does not seem to contemplate the occurrence of mischief which the law would deem irreparable, and future abuse may be the ground for further application. In the case from 9 *Vesey*, the Chancellor refused affidavits to support an injunction to restrain the negotiation of a bill. To admit the affidavits, in this case, would be to authorize their admission in every other case, and would go to destroy the general rule. The motion for their admission must be denied.(*a*)

N. B. The motion to dissolve the injunction was afterwards granted, on the ground that the answer was a full denial of the equity of the bill.

(*a*) Vide *Peacock* v. *Peacock*, (16 *Vesey*, 49.,) where affidavits were admitted after answer, and in support of a motion for an injunction, in a copartnership case.