1816.

ROBERTS
v.
ANDERSON.

ROBERTS and BOYD *against* B. and J. ANDERSON.

Affidavits *ex parte* are not allowed to be read in support of an answer, on a motion to dissolve an injunction.

Where the bill on which an injunction was issued to stay proceedings at law, in an ejectment suit, charges the deeds on which the defendant set up his title at law to be fraudulent, the injunction will not be dissolved on the coming in of the answer, unless it be full and satisfactory as to the fraud, but will be continued until the hearing. Stating that the defendants were not privy to any fraud, and were *bona fide* purchasers, that they believe the title was good, and that they do know or believe the deeds under which they derived their title were fraudulent, is not sufficient.

The granting and continuing of injunctions rests in the discretion of the Court, to be governed by the nature and circumstances of the case.

*October* 11th.

THE bill stated, among other things, that the plaintiff *Roberts*, on the 22d of *March*, 1810, took an assignment from *Aaron Lyon*, of a bond and mortgage of *William Griffith*, for part of a lot, and a house thereon, in *Newburgh*, for which he paid *Lyon* the balance due on the mortgage: that the plaintiff *Roberts* took possession of the mortgaged premises, and also of the residue of the lot belonging to *Griffith*, who was his debtor, and absconded. That the plaintiff leased the premises to *Hector M'Cleod*, for a year from the 1st of *May*, 1810. That on the 5th of *October*, 1810, the premises were sold by the sheriff, under an execution on a judgment against *Griffith*, in favor of *B. Taylor*, docketed the 14th of *May*, 1808 ; and the plaintiff *Boyd* became the purchaser, at the request of *Roberts*, and in trust for him, and received a deed from the sheriff. That *Griffith* had, previously, to wit, on the 20th of *January*, 1808, conveyed part of the premises, being that mortgaged, *for the pretended consideration of 2,000 dollars, to *Sarah Johnson*, and had also conveyed to her the other part, for a pretended consideration of 1,500 dollars, but which conveyances, the plaintiffs alleged, were made for a mere nominal consideration, with a view to defraud the creditors of *Griffith*, to whom *Sarah Johnson* afterwards reconveyed the property, and before the judgment and execution of *Isaac Clason* against her. That the defendants, claiming right to the lot under a deed, dated the 1st of *June*, 1810, from the sheriff, under an execution against *Sarah Johnson*, at the suit of *Clason*, brought an action of ejectment against *M'Cleod*, who entered into the consent rule, and a verdict passed against him in favor of the defendants, on which a judgment was entered in *May*, 1815. That the recover-

[ * 203 ]

162

was had on the production of the sheriff's deed, and proving that *M' Cleod* had, in *May*, 1810, agreed to take a lease from the defendants, whereby the relation of landlord and tenant was supposed to exist between them, and the judge refused evidence of his being a tenant of *Roberts.* The bill prayed an injunction, staying all proceedings on the judgment in ejectment, which had been granted.

The defendants, in their answer, denied any *knowledge* or *belief* that the deeds of *Griffith* to *Sarah Johnson* were executed with any fraudulent intent; and stated, that they did not know or believe that the considerations were merely nominal, or that *Griffith* was insolvent, &c., but averred that the considerations expressed were actually paid, or were debts due by *Griffith* to *S. J.* The defendants also referred to a deposition of *Sarah Johnson*, taken *in perpetuam rei memoriam*, of the contents of which they averred their belief; and also to a deposition of *Thomas Allen*, taken *de bene esse*, and who was since dead.

*Burr*, for the defendants, now moved to dissolve the injunction, which had been allowed by the master, on the *facts stated in the answer. He also moved for leave to read the two depositions referred to in the answer.

[ * 204 ]

*S. Jones, jun.*, and *Boyd*, contra.

THE CHANCELLOR. The affidavits are not allowed to be read in support of the answer on this motion. (*Eastburn & Downes* v. *Kirk*, 1 *Johns. Ch. Rep.* 444.)

Both parties deduce title to the premises in controversy from *William Griffith*, and the only point is, whether the two deeds from *Griffith* to *Sarah Johnson*, under whom the defendants set up title, were fraudulent and void. This question of fraud was not tried; and from the history of the ejectment suit, as stated in the pleadings, it would seem that it could not be tried, as the recovery was placed entirely on the ground that the defendant at law was tenant to the new defendants, and so concluded from setting up this defence. But the fraud, as charged, is a proper and familiar head of equity jurisdiction, and unless the answer be full and satisfactory, the injunction, if right in the first instance, ought to be retained until the hearing. The injunction was issued after the verdict at law, to restrain the defendants from proceeding to execution; and it was certainly a proper restraint until the question of fraud was disposed of, for on that depended the question of title between these parties. All the denial contained in the answer is, that the defendants were not privy to any fraud,

1816.

ROBERTS
v.
ANDERSON.

[ * 205 ]

and were *bona fide* purchasers, under a judgment and execution against *Sarah Johnson*. If she had no title, they had none; and they aver that they believe her title was good, because they do not know or believe that the conveyances from *Griffith* to her were fraudulent. This is leaving the question of fraud as unsettled as before the answer came in. It is true, the defendants may have given all the denial in their power, but the fraud may exist *notwithstanding, and consistently with their ignorance, or the sincerity of their belief. It appears to me, then, that until the cause is brought to a hearing, and decided on the merits, the possession ought not to be changed, and that the case does not fall within the reason of the general rule, that an injunction is to be dissolved when an answer comes in and denies all the equity of the bill. In some particular cases, the Court will continue an injunction, though the defendant has fully answered the equity set up. (*Wyatt's P. R.* 236. 2 *Ves.* 19.) The granting and continuing of the process must always rest in sound discretion, to be governed by the nature of the case.

Motion denied.