[*426]     *N. RODGERS AND OTHERS *v.* H. RODGERS AND OTHERS.

Where the equity of an injunction bill is not charged to be in the knowledge of the defendant, and the defendant merely denies all knowledge and belief of the facts alleged therein, the injunction will not be dissolved on the bill and answer alone.

Where a bill is filed to restrain proceedings on a judgment recovered at law, the court will not require the complainant to bring the amount of the judgment into court, unless it is shown there is danger of the complainant's insolvency.

March 3d.     THIS bill was filed against the personal representatives of F. Rodgers, deceased, to restrain proceedings at law on notes given to the testator. The equity of the bill on which the injunction was granted was not charged to be in the knowledge of the defendants; and they put in an answer denying all knowledge or belief as to the principal

facts on which it rested. By a previous order of the court, the injunction was modified so far as to permit the executors to proceed to trial and judgment at law, without prejudice to the complainants' rights.

*H. Bleeker*, for the defendants, now moved to dissolve the injunction, or to modify it, by requiring the complainants to bring the amount recovered into court; or that they give security to pay the amount which might be eventually found due.

*S. Rogers*, contra.

THE CHANCELLOR:—In such a case as this, the injunction cannot be dissolved on the bill and answer alone; but the court in its discretion may require, as a condition of the granting or continuance of the injunction, that the complainants bring the amount apparently due into court, to abide the decision of the cause, unless the equity of the bill is verified by other testimony than his oath alone. (*Dalby* v. *Catchlowe*, 4 Price, 147; *Taggart* v. *Hewlett*, 1 Meriv. 499.) If there was any danger of insolvency in this case, I should require *the amount of the judgments to be brought into court, or security to be given. But the allegation of one of the defendants who appears to be a nominal party merely, that he is afraid of insolvency, or that the complainants will put their property out of their hands is not sufficient. Under the circumstances of this case, I think it would be putting the complainants to unnecessary expense and trouble to raise and deposit this large amount of money. The motion must, therefore, be refused, and the costs must abide the event of the suit.