# John McGuffie *v.* The Planters' Bank.

The cashier of a bank is not necessarily one of the corporators, and is not therefore a defendant to a bill against the bank, unless made so by the bill.

An injunction will not be dissolved upon the answer of a person who is not a party to the bill.

Where a bank answered a bill under its corporate seal, and the cashier of the bank made affidavit that the statements of the bill were "true to the best of his knowledge and belief," without stating that he had any knowledge of the facts set forth in the answer—held, that the answer was not evidence against the positive averments of the bill.

The denials of an answer, made on information and belief, are not sufficient to disprove positive allegations in a bill, especially when the equity of the bill is not charged to be in the knowledge or information of the defendant.

Messrs. BRIGGS for complainant.

MONTGOMERY & BOYD for defendants.

The CHANCELLOR.

This is a motion to dissolve the injunction granted, in vacation, upon the answer of the Planters' Bank. The equity of the complainant's bill rests upon the allegation that the forthcoming bond upon which the execution issued is not his act and deed, but was signed by some person for him, without his authority or consent. The answer is made by the bank under their corporate seal, and affidavit is made on the answer by H. D. Mandeville, who is stated to be the cashier of the bank, in which he swears that the statements of the answer "are true to the best of his knowledge and belief," without stating that he has any knowledge of the facts therein set forth. Can this be regarded as proof against the statements of the bill? The cashier of a bank is not necessarily one of the corporators, and is not therefore a defendant to the bill. Is there any instance where an injunction has been dissolved upon

the affidavit or answer of a person not a party to the bill? I think not. I find that the contrary has been expressly adjudged. In the case of Thompson *v.* Allen, 2 Hayw. R. 151, it was held that an injunction will not be dissolved upon the affidavit of one not a party, nor upon the answer of one who is not a defendant to the bill. It is the defendant in a bill who is to be affected by its charges, and the complainant is entitled to have from him a distinct answer upon all the grounds on which he seeks to charge him. No one can undertake to answer for the defendant. But admitting that I can notice the answer as the answer of the bank, yet its statements are not sufficient to dissolve the injunction. As to the material allegations of the bill, the answer professes to be made upon information and belief, and upon that the denials of the answer are based. This is not sufficient to disprove the positive allegations of the bill, and especially where the equity of the bill is not charged to be in the knowledge or information of the defendant. Rogers *v.* Rogers, 1 Paige, 426; idem, 411. The positiveness of the denial of the answer cannot vary its character, where it is apparent that the defendant could not have been personally cognizant of the facts charged.

Let the motion to dissolve the injunction be overruled.