## CHRISTIE vs. GRIFFING.

This court will not, in the exercise of its discretion, entertain a motion to dissolve an injunction upon bill and answer merely, where the complainant's right is supported by evidence before the court, or within its control, regularly taken in the cause, and on which the complainant intends to rely, on the final hearing.

---

This suit is brought to restrain the defendant from violating an agreement, which the complainant alleges was made between them. On the filing of the bill and its accompanying affidavits, an injunction was ordered. The defendant answered, denying the agreement. Replication was filed, and the parties have proceeded to take testimony. The proof on the part of the complainant is all in. The defendant now moves to dissolve the injunction, on the bill and answer alone.

*Mr. A. S. Jackson,* for the motion.

*Mr. Linn,* contra.

THE CHANCELLOR.

This case is, in its nature, one in which the court would be loth to dissolve the injunction on the mere denial of the complainant's equity, by the defendant, in his answer. I am, therefore, the more unwilling to entertain this motion, at this stage of the cause. Were I to do so, and dissolve the injunction on the allegations of the parties, as contained in the pleadings, I might, on the hearing, conclude, upon the

evidence, that I ought to renew it and make it absolute. I, therefore, will not disturb it until the cause shall have been heard.

The great question of the cause is one of fact, whether the agreement was made or not. The complainant insists that the evidence taken on his part substantiates his statements, and will, on the hearing, entitle him to the relief he seeks. The defendant, whose testimony is not in, is, very naturally, unwilling to go to a hearing without his proofs, and is not willing that the testimony taken by the complainant should be used on this motion.

In *Orr* v. *Littlefield*, 1 *Woodb. & M.* 13, it was held that, in the exercise of its discretion, the court will not dissolve an injunction where auxiliary evidence of complainant's right is before the court, sufficient to sustain the bill, even though its material averments be denied by the answer. Surely, in the exercise of its discretion, the court will not, in a case like this, entertain a motion to dissolve upon bill and answer merely, where the complainant's right is supported by evidence before the court, or within its control, regularly taken in the cause, and on which the complainant intends to rely on the final hearing. It will rather order the injunction to stand till the hearing.

The motion is denied. The injunction will be retained until the final hearing of the cause. Under the circumstances of this case, the defendant ought not to be required to pay the costs of this motion. They will abide the event of the suit.