JAMES W. TYNE *v.* JOHN DOUGHERTY.

April Term, 1875.

INJUNCTION — MOTION TO DISSOLVE UPON ANSWER. — Upon a motion to dissolve an injunction on the coming in of the answer, the rule is that every allegation positively sworn to in the bill, which is neither admitted nor denied, nor, if denied, denied on the defendant's own knowledge, will be taken as true.

*F. E. Williams*, for complainant.
*J. A. Cartwright*, for defendant.

THE CHANCELLOR: — This case again comes before me, upon a motion to dissolve the injunction on the ground that the equity of the bill is fully met by the answer.   The bill is filed to enjoin the collection of a judgment recovered by one T. Bays, on October 31, 1866, before a justice of the peace, against one Dennis Connor, and purporting to be stayed by the complainant, which judgment has been assigned to defendant.   The equity of the bill is that complainant never did become bound as stayor, and that this fact had been inquired into by the justice shortly after the stay ran out, and decided by him in complainant's favor, who supposed the matter at an end, until the recent issue of an execution against him and levy thereof on his property at the instance of the defendant.   This equity turns upon the question of fact whether the complainant did become bound as stayor, and, if not, whether he was thrown off his guard in sooner making defence by proceedings before the justice, the result of which was acquiesced in by the plaintiff in the judgment.

So much of this equity as rests upon the alleged proceedings before the justice is not answered at all.   The defendant, in this respect, contents himself with saying that he knows of no law for such a proceeding to test the question of the stayor's liability before the justice who rendered the judgment, and that if any such proceedings were had, they were and are void.   As to so much of the equity

as rests upon the fact that the complainant did not stay the judgment, the defendant makes no reply, either as of his own knowledge or on information and belief. He merely appends a certified copy of the entry on the justice's docket, showing that the name of complainant is entered as stayor, with the word "sworn" written below it, and upon this document the defendant bases a denial of the facts upon which the equity of the bill rests, and an assertion to the contrary. But, it is obvious, the very point in controversy is whether the justice's docket speaks the truth, and any answer based simply on the recitals of the docket does not meet the equity of the bill. The case stated is not met by the answer. *Prince Albert* v. *Strange*, 1 Mac. & G. 42 ; *Rich* v. *Thomas*, 4 Jones Eq. 71. Moreover, a denial upon defendant's own knowledge is indispensable to effect a dissolution. *Roberts* v. *Anderson*, 2 Johns. Ch. 202 ; *Wood* v. *Van Bokkelen*, 1 Paige, 100 ; *Holdrege* v. *Gwynne*, 1 C. E. Green, 32. The rule is, upon a motion to dissolve on answer, that every allegation positively sworn to in the bill, which is not substantially denied in the answer upon the defendant's own knowledge, must be taken as true. *Grimstone* v. *Carter*, 3 Paige, 421 ; *Kent* v. *Richards*, 3 Md. Ch. 392. So of every allegation neither admitted nor denied. *Young* v. *Grundy*, 6 Cranch, 51 ; *Parks* v. *Spurgin*, 3 Ired. Eq. 153 ; *Johnston* v. *Coney*, 10 C. E. Green Ch. 315.

The motion must be refused.