ABRAM V. VAN FLEET AND AMZI DODD, ESQS., VICE-
CHANCELLORS.

WILLIAM W. CONOVER

*v.*

ELISHA RUCKMAN et al.

Upon an original bill filed by an attachment creditor, a sheriff was enjoined
from paying over certain funds in his hands.. The court, *ex mero motu,*
ordered the injunction to be dissolved because the funds were not attachable,
but, on appeal, this order was reversed. Motion to dissolve the injunction,
on the ground that the verification of the bill (which was general) was insuf-
ficient, denied ; it appears that the averments of the bill as to the service of
the attachment, are not denied by the answer, and that the validity of the
attachment is shown to the court by subsequent satisfactory proof as to the
service, inventory and return of the writ, and also by the allegations of the
supplemental bill duly verified, and the admissions of the defendant in his

amended answer. The question of the sufficiency of the attachment (the writ was served on the sheriff twice on the same day, before and after the funds came into his hands), reserved until the final hearing. An amendment to the answer, denying that the attachment created a lien, allowed, it appearing that defendant's counsel, on account of the first order determining that the funds were not attachable, had deemed such an averment unnecessary.

Creditor's suit. Original and supplemental bill. On motions to dismiss original bill for want of equity, to dissolve injunction, and on petition for leave to amend answer to original bill.

*Mr. J. Weart,* for the motions.

*Mr. C. Robbins, contra.*

The Chancellor.

The original bill was filed to obtain the aid of equity to support and enforce the complainant's claim as a creditor of Elisha Ruckman upon the proceeds of the sale of mortgaged premises in a foreclosure suit in this court, brought by his wife on a mortgage given by John Dorn to her. The complainant's debt is by simple contract, but he claims to have obtained a lien for it by means of a foreign attachment against Ruckman, which was served on the sheriff who held the execution in the suit on the mortgage. He insists that the proceeds attached were, at the time of the attachment, really the property of Ruckman; that the mortgage-money was lent by him to Dorn, and the mortgage taken to Mrs. Ruckman without her knowledge or consent, and merely to defraud his creditors. On the filing of the bill an injunction was granted, restraining the sheriff from paying the money to her or to any one else, except to pay it into this court. A motion was made to dismiss the original bill for want of equity ; but while it failed because, according to the then existing practice (since changed, however, by *Rule 210*), the objection of want of equity could only be taken by demurrer, the court, *ex mero motu,* dissolved the injunction, on the ground that the complainant had no lien, because the moneys attached were

moneys in the hands of a sheriff, raised by him in pursuance of a decree of this court, and therefore not the subject of attachment. *Conover* v. *Ruckman, 5 Stew. Eq. 685.* The order of dissolution was made July 2d, 1880. The complainant appealed from it, and in November term following it was reversed on the ground that the moneys were subject to attachment. *Conover* v. *Ruckman, 6 Stew. Eq. 303.* Mrs. Ruckman filed her answer to the original bill, August 2d, 1880, after the order of dissolution was made, and before its reversal. The order of reversal was made the order of this court, December 28th, 1880. On the 2d of August, 1881, the complainant, by leave, filed his supplemental bill. In the original bill, the issuing of the attachment is stated, and it is alleged that the coroner, " by virtue thereof, on the 28th of May, 1880, in due form of law attached all the rights and credits of Ruckman under and by virtue of or in any way arising out of the execution." The supplemental bill states the particular manner in which the attachment was served ; that it was served twice, but both times on the same day, and before the return of the writ of attachment; the first time, before the money was paid to the sheriff, and the next time, a short time after it was paid. Mrs. Ruckman now moves to dismiss the original bill for want of merits ; failing that, for leave to amend her answer thereto (which, it should be stated, is wholly silent as to the service of the attachment), by adding a statement that the attachment was indeed served, but was served before the money was paid to the sheriff, and denying that the complainant thereby obtained any lien ; and she moves also for a dissolution of the injunction on the ground that the original bill was not duly verified ; and failing that, on bill and answer as amended, if the motion to amend the latter be granted. By consent of counsel, and for convenience and economy, the motions are all heard together, and the motion to dissolve on bill and answer is argued and to be decided as if the amendment, if allowed, were duly made.

Evidently the only question decided on the appeal was, whether money in the hands of a sheriff, raised by him under a decree of this court, is attachable. The appellate court neither

dealt with nor entertained any other question. It passed, however, by incidental reference, upon the case made by the bill, saying that, if sustained by the evidence, it is one which commends itself to the consideration of a court of equity for the relief sought, if it can be granted consistently with the rules and practice of the court. Mrs. Ruckman did not demur to the bill, but after her motion to strike the bill from the files for want of merits was denied, answered it. The motion to dismiss must be denied, not only on this ground, but on the ground that the bill is not deficient in statement, and, judged by its averments, is a meritorious one.

As to the motion to dissolve on the ground of insufficient verification : The deficiency specified is the failure properly to verify the fact that the attachment was served. It is merely verified by the oath of the complainant, that he verily believes that the facts, matters and things stated in the bill, so far as they relate to the acts and deeds of other persons than himself, are true. Mrs. Ruckman has, as before stated, answered the bill, and the answer is silent as to the service of the attachment. Those facts would not of themselves alone preclude her from taking advantage of the want of sufficient verification of any material fact stated in the bill. *Perkins* v. *Collins, 2 Gr. Ch. 482.* The verification by the affidavit of the complainant attached to the bill is indeed not sufficient, but it appears, by the recital of the order dissolving the injunction entered in behalf of Mrs. Ruckman, that the fact and manner of service of the attachment were, when the motion to dismiss was made which resulted in the order dissolving the injunction, before the court by other evidence than that of the bill and its verification, for the inventory of the rights and credits attached, is recited *verbatim*. It must have been copied into the order from the inventory itself, which must consequently have been before the court, and could only have been so by consent. Further, some of the complainant's testimony has been taken, and among the witnesses sworn and examined is the coroner who served the writ of attachment, who testifies to the service, and the writ and inventory and return have been put in evidence. An injunction

Conover v. Ruckman.

will not be dissolved where auxiliary evidence of the complainant's right is before the court, sufficient to sustain the bill, even though its material averments are denied by the answer. *High on Inj.* § *900; Orr* v. *Littlefield, 1 Woodb. & M. 13; Christie* v. *Griffing, 9 C. E. Gr. 76.* In this case, then, as it stands before amendment of the answer, the answer does not deny the fact of the service, and there is evidence in the cause establishing it. Again, the supplemental bill states the fact that, after the filing of the original bill, the money due on the execution in the foreclosure suit was paid, and that the coroner again served the attachment on the sheriff, levying on the money, and afterwards made his return of his service of the writ. This is duly verified. The filing of a supplemental bill does not put an end to the injunction issued on the original bill. *Joyce on Inj. 298; D'Arcy* v. *Sumner, 2 Moll. 359.* And an injunction bill may be amended even after motion to dissolve, and if, when so amended, it shows sufficient cause for continuing the injunction which is not overborne by the defendant, it will be continued and a motion for dissolution, on the ground of defects in the original bill, will be overruled where those defects have been remedied by means of an amended bill which does not change the cause of action. *High on Inj.* § *997; Crawford* v. *Paine, 19 Iowa 172; Swealt* v. *Faville, 23 Iowa 321.* So that, in view of the supplemental bill, and without reference to the fact that the defect of verification in the original bill is remedied by the proof in the cause, the motion to dissolve for want of verification could not prevail. But still further, the amendment to the answer admits the service, but states that it was made before the money was paid. The injunction will not be dissolved because of an insufficient verification, when the defendant by answer admits the unverified facts. But there is still another ground on which the motion is based. Mrs. Ruckman insists that the attachment was premature, the service having, according to the original bill, been made before the money was paid to the sheriff. On the other hand, it is urged by the complainant that according to the supplemental bill the service was also made after the money had been paid. To this it is rejoined that the money was not, in fact,

paid at the time of the second service, but the sheriff held only a bank-check for it, which cannot be regarded as money. The court of errors and appeals, though it did not pass upon the question whether the service, if made before the money was paid to the sheriff, was premature, referred to it indeed as one not without difficulty. But it would not be just to construe this reference into an expression of opinion that the question is one of doubt, for the court expressly says that it neither has examined nor considered it. But the supplemental bill places before the court the fact that a very short time after the first service, and on the same day, and before the return to the attachment was made, the coroner served the writ on the sheriff after the latter had, as he says, received the money. It is true he received payment by check, but he says he accepted it as payment, and did not even adjourn the sale, as he would have done had he been unwilling to accept the check as money, and as he was requested to do by Mrs. Ruckman's solicitor. He says he considered the check as good as gold, and accepted it as payment to all intents and purposes. The question, as the case stands, should not be disposed of on this motion, but should be reserved for the final hearing. The motion to dissolve will therefore be denied, with costs.

The application to amend the answer to the original bill should be granted. It appears that the only reason why Mrs. Ruckman, in her answer, did not deny that the attachment created a lien, was, that the court had, as before stated, when the answer was put in, previously decided that the complainant had obtained no lien by means of the attachment, and her counsel, therefore, considered it unnecessary to insert any such denial in the answer. That is clearly sufficient ground for allowing the amendment.