Irick *v.* Black and Lippincott.

John S. Irick *vs.* John Black and Wm. C. Lippincott.

1. A surety who has paid the debt of the principal, is at once subrogated to all the rights, remedies and securities of the creditor.

2. Where the debt has become payable, the surety may file a bill to compel payment by the principal, in order that he may be relieved from responsibility.

3. Where the creditor is fully indemnified, where he is subjected to no delay and exposed to no risk of loss, he will be compelled to resort to the property of the principal in satisfaction of his claim, before coming upon the surety.

4. A denial by the defendant upon information and belief will not avail to dissolve the injunction. He must answer upon his own knowledge.

5. Upon a bill by the surety to compel the payment of the debt by the principal, neither notice to the creditor of the sureti-ship, nor an allegation of irreparable injury if the surety be compelled to pay the debt, constitute an essential element of the surety's right to equitable relief.

6. The conferring of equitable powers upon common law courts does not take away or abridge the jurisdiction of a court of equity. It constitutes simply a case of concurrent jurisdiction, where either tribunal may afford relief, at the option of the party aggrieved.

7. Every one is a necessary party to a bill, whose joinder is necessary to the settlement of the complainant's rights. But a defect of parties is not necessarily a reason for dissolving the injunction.

8. An injunction will not be dissolved as of course, even upon a full denial of the equity of the bill, if the court see good reason for retaining it. Its dissolution depends upon the sound discretion of the court.

----

The bill alleges that the complainant and one John Black, jun., on the 17th of March, 1855, gave their joint bond to Beulah Merritt and Keziah Merritt, in the penal sum of $6000, conditioned for the payment of $3000 in one year, with interest. That the bond was given to secure the re-payment of a loan made by the obligees to the said John Black, jun., by his procurement, and for his individual account, the complainant having joined in giving the said bond as surety, at the solicitation of Black. The interest accruing upon the bond was paid by Black from time to time, until the seventeenth of March, 1864. Failing to pay the interest which then became due, on the third of May, 1864, judgment was entered upon the bond, and an execution issued against the goods and lands of the obligors, which was levied upon the property of Black, to an amount sufficient to satisfy the execution. After the levy had been thus made, John Black, the father of John Black, jun., knowing that the bond was given for a loan made to his son, and that the judgment entered thereon was for his individual debt, procured an assignment of the judgment to be made to him, and having thus secured the control of the execution, he di-

rected the sheriff to sell the property of the complainant to satisfy the judgment, which the sheriff threatens to do.

The bill further charges that John Black, jun.. is largely indebted, and that if the complainant is compelled to satisfy the execution now levied upon Black's property, it may be placed beyond the reach of any judgment which may be hereafter recovered against him by the complainant.

The bill prays for an injunction, restraining the sale of the complainant's property, until the property of Black, seized by virtue of the execution, shall have been sold, and the proceeds applied in satisfaction of the judgment. An injuncton issued pursuant to the prayer of the bill. The defendant now moves to dissolve the injunction.

*Mr. F. Voorhees,* for defendant, John Black, in support of the motion.

The bill rests upon these three facts :

1. That Irick signed the bond simply as surety.    2. That there was a concert between John Black, jun:, and his father, to get control of the judgment, with full knowledge that Irick was simply surety.    3. That John Black, jun., is utterly insolvent.

The bill is sustained by the affidavit of Irick alone. *Adams' Equity* 196 ; *Manchester* v. *Dey,* 6 *Paige* 295.

Where the answer denies the equity, injunction will be dissolved.    3 *Daniell's Ch. Pr.* 1831, *note* 1 ; *Adams' Equity* 196 ; 2 *Story's Eq. Jur.,* § 1528.    When the answer denies the equity, the bill will be dismissed.

No relief can be granted under this bill.    There can be no relief different from the prayer.    The charge is that Black purchased with fraudulent intent.    The complainant's knowledge as to the facts is only upon information and belief.    All combination and conspiracy are fully and expressly denied by the answer.    The bond and judgment are against both the defendants as principals.    The fact of sureti-ship may be shown.    But it must be by clear evidence.    The presumption is against it.    The affidavit of

John Black, jun., owing to his peculiar position, should have the same force and effect as if he had been made a party, and had set out the facts in his answer.

If Irick had signed simply as surety, that would not entitle him to relief in this court. He might have full remedy at law. He is bound to show that he is in danger of being irretrievably injured.

The mere averment that Black may put his property out of his hands, and that he is largely indebted, shows no real danger. The complainant's remedy is at law. *Story's Eq. Pl.*, § 490; *Mitford's Pl.* 125–6; *Nix. Dig.* 669, § 160; *Act of March*, 1855, § 40.

John Black, jun., is a necessary party to the bill. There can be no decree without him. 1 *Daniell's Ch. Pr.* 240, note; 1 *Eden on Inj.* 71, note 2; *Story's Eq. Pl.*, § 72, note 4, and cases cited.

If any person is affected by plaintiff's claim, or has a consequential interest as surety, he is a necessary party. 1 *Daniell's Ch. Pr.* 292, 329; *Smith's Ch. Pr.* 91, note a, 92 note, 517.

If a necessary party is not before the court, the objection may be insisted upon at the hearing. *Story's Eq. Pl.*, § 541; 1 *Barb. Ch. Pr.* 115; 1 *Daniell's Ch. Pr.* 393, 337; *Robinson v. Smith*, 3 *Paige* 222; *Mitchell* v. *Lennox*, 2 *Paige* 280.

The interest of John Black, jun., will be affected by this decree. If so, he is a necessary party. The decree takes $3000 out of his pocket. He is not before the court. He is directly and materially interested. The bill is radically defective without him.

The rights of the assignee must be protected.

If the fact of the sureti-ship does not appear on the face of the papers, notice must be given to the assignee, or his rights are in no wise abridged. *Kaighn* v. *Fuller*, 1 *McCarter* 419; *Van Hook* v. *Whitlock*, 3 *Paige* 412; *Broadway Bank* v. *McElrath*, 2 *Beas.* 26.

The proof of sureti-ship is on the surety. The bill should be dismissed.

*Mr. Merritt*, for complainant, contra.

The notice of this motion states three grounds, on which relief will be asked for.

1. That there is no equity in the bill.    2. A want of proper parties.    3. That the equity has been fully answered.

The whole equity of the bill rests on the ground of sureti-ship.    The bill alleges the fact of sureti-ship.    The answer does not deny it except upon information.    Even where there is an express denial, the injunction will not be dissolved as of course.    The injunction will not be dissolved upon mere denial of answer, where auxiliary evidence is offered. 1 *Eden on Inj.* (*Waterman*) 145 ; *Orr* v. *Littlefield,* 1 *Wood. & Minot* 13.

The large indebtedness of defendant is expressly alleged in the bill.    It is not as explicitly denied in the answer. *Ward* v. *Van Bokkelen,* 1 *Paige* 100 ; *Fulton Bank* v. *N. Y. & Sharon Canal Co., Ibid.* 311.

The equities are attempted to be denied by new matter introduced in the answer, viz. that the money was borrowed for an iron company, and not for Black's use.    New matter in an answer is not sufficient to dissolve the injunction, however responsive.    *Morris Canal* v. *Jersey City,* 1 *Beas.* 227 ; *S. C.,* 3 *Stockt.* 13 ; *Brewster* v. *City of Newark, Ibid.* 114.

There is an exception to this new matter, viz. that the money was not only borrowed for the company, but that it was to be paid out of that fund.    It is clear that the obligor can not prove that the money was to be paid in a different way from that specified in the bond, nor that it was to be paid out of a particular fund, when the bond is general. *Chetwood* v. *Brittan,* 1 *Green's Ch. R.* 438.

The true test of the necessity of a party is, can a valid decree be made in regard to the subject matter of litigation without him.    If so, he is not a necessary party.    *Bailey* v. *Inglee,* 2 *Paige* 278.    One may be a proper though not a necessary party.    *Joy* v. *Wirtz,* 1 *Wash. C. C. R.* 517.

If Black is a necessary party, the injunction will be con-

tinued with leave to bring him in on equitable terms. *Buck-ley* v. *Corse, Saxton* 504; *Layton* v. *Ivans,* 1 *Green's Ch. R.* 387.

*Mr. P. D. Vroom,* on the same side.

If this money in equity should be paid by John Black, jun., the plaintiff will not be permitted to collect it of Irick. The injunction will prevent a circuity of action, and will save Irick from the hazard of loss. Black (the father) took the assignment, as the bill alleges, with notice of his son's liability as principal, and now seeks inequitably to compel payment by Irick.

The interference of the court is on the general ground of equity. The application need not be founded on fraud, nor need fraud be charged. The equity of the bill is clear on the ground of sureti-ship. 2 *Story's Eq. Jur.,* § 884–5.

The equity of the bill is not denied by the answer. All its material allegations are made on information and belief. The defendant " believes " that the money was not borrowed for his son's individual account; that his son paid interest on assurance of re-payment; that the goods of the son are sufficient to satisfy the execution. These are the material points, and rest merely upon information and belief.

The answer admits a conversation with Merritt; that he stated that Black had the money to pay. That is a clear admission of *notice.* The new matter will not aid the defendant on this application. It is not responsive to the bill. It goes beyond mere matter of explanation, and can not entitle the defendant to a dissolution of the injunction.

The injunction will not be dissolved upon affidavits merely, but upon averments contained in the answer. Even after full answer, the injunction will not be dissolved as of course. If it appears that greater injury will be done by a dissolution, than can arise from its continuance, the injunction will not be dissolved even after a full answer. 3 *Daniell's Ch. Pr.* 1831; *Poor* v. *Carleton,* 3 *Sumner* 75–6.

Dissolution is a matter of discretion. The admissions of the answer afford strong reason for continuing it.

The answer denies that Black alone is liable, or that Irick is mere surety. It states that the money was for the firm. Each is bound for the firm according to the terms of the bond, and yet Black is seeking to make the whole money out of Irick. This alone is sufficient ground for retaining the injunction.

A defect of parties is no ground of dissolution. The bill may be amended in this particular. It is not a pure injunction bill. It involves, necessarily, a question of right, and the court will see that it is fairly settled.

*Mr. Voorhees,* in reply.

THE CHANCELLOR. The right of a surety, as against his principal, to be protected from loss by reason of his suretiship, so far as it can be done without prejudice to the rights of the creditor, is a recognized and familiar doctrine of equity. When the surety has paid the debt, he may not only call upon the principal to re-imburse him, but for the purpose of obtaining indemnity from the principal, he is at once subrogated to all the rights, remedies, and securities of the creditor. Nor is his remedy confined, as at law, to the obtaining indemnity after the payment of the debt. But as soon as the debt has become payable, he may file a bill to compel payment by the principal, in order that the security may be relieved from responsibility. He may, in special cases, compel the creditor to resort to securities in his hands before coming upon the surety. And although the creditor will not, as a matter of course, be restrained from enforcing his rights against the surety till his remedies against the principal are exhausted, yet when the creditor is fully indemnified, where he is subjected to no delay and exposed to no risk of loss, he will be compelled to resort first to the property of the principal in satisfaction of his claim. If the court is asked to interfere on behalf of the surety before judgment is recovered against him, he must present some special ground of equitable relief. Where judgment has been recovered

against both parties, the equity of the complainant, to have the property of the principal first applied to satisfy the execution, is clear. This equitable doctrine has been expressly sanctioned by the legislature of this state, and the exercise of the power conferred upon the courts of common law. *Nix. Dig.* 669, § 160.

It is difficult to conceive a clearer case for the exercise of the power than that presented by the complainant's bill. A judgment has been recovered against the principal and the surety. Execution has been issued and levied upon the property of the principal, amply sufficient to satisfy the claim. The sheriff was instructed by the plaintiff in execution, in accordance with the clearest dictates of justice and equity, to make the debt out of the property of the principal. Thereupon the father of the principal purchased the judgment, took an assignment with a power of attorney to control the execution, and instructed the sheriff to make the debt out of the property of the surety. It is against that inequitable act that the complainant asks relief. The bill further alleges, that the assignee of the judgment took the assignment with full knowledge of the equitable rights of the complainant, and further, that the principal debtor is largely involved in debt, and that if the surety is compelled to satisfy the judgment, he will be exposed to the hazard of losing all means of indemnity against his principal.

The material charge of the bill upon which the complainant's equity mainly rests is, that Black is the principal debtor, the complainant being the surety only. This fact is distinctly and unequivocally charged in the bill. It is denied by the defendant, only upon information and belief. Such denial will not avail to dissolve the injunction. The defendant must, in order to entitle himself to a dissolution of the injunction, answer upon his own knowledge. *Everly* v. *Rice*, 3 *Green's Ch. R.* 553; *Ward* v. *Van Bokkelen*, 1 *Paige* 100.

But it is urged that the injunction must be dissolved, inasmuch as the defendant has explicitly denied the complain-

ant's allegation that the defendant, before taking the assignment of the judgment, had notice of the fact that the complainant was surety only for the debt; and also the allegation that the principal was largely indebted, and that the complainant, by paying the judgment, would be exposed to the hazard of loss.

Neither of these allegations of the bill is essential to the complainant's case. The surety's claim to equitable relief as against the principal, does not depend upon the fact that the creditors had notice of the sureti-ship. Nor does the fact of that notice at all interfere with the creditor's right to enforce his claim for the recovery of his debt. The complainant does not deny the creditor's right to recover his debt, nor does he seek to impair his remedy. The defendant does not allege that his security will be in any wise impaired by granting the relief prayed for. On the contrary, he explicitly admits that the property of either of the defendants levied upon by virtue of his execution, is amply sufficient to pay his debt. To him, as execution creditor, it is a matter of total indifference, which of the defendants pays the debt. The controversy is a pure question of equity between the defendants, the decision of which cannot affect the substantial rights of the creditor.

Nor does the allegation that the surety will be in danger of losing his means of indemnity against the principal, constitute an essential element of the complainant's claim to relief. The complainant's equity, as recognized in this court and as expressly declared by the statute, is to have the property of the principal debtor, rather than that of the surety, where both are under execution, applied in satisfaction of the judgment. The fact of irreparable injury is no element of his right to recover, although it may strengthen the claim for relief and quicken the action of this court. The court will interfere though the principal is perfectly able to respond in damages, and there be no danger of eventual loss. It interferes to compel payment by the principal, rather than the surety, in order to enforce the performance of the obvious

R*

duty of the principal to protect the surety from a needless burden, and to prevent circuity of action.

The defendant, by his answer, denies that he purchased the judgment at his son's request, or by virtue of any arrangement or understanding with him in relation thereto, or in relation to the party of whom the payment was to be collected, and alleges that he purchased it of his own accord and for his own purposes. Here is a full denial by the creditor of any combination with the principal for any sinister or fraudulent purpose, and an express avowal that the act was done for purposes of his own. In point of fact, the defendant, immediately after purchasing the judgment, countermanded the orders which had been given to the sheriff to raise the debt out of the property of his son, and ordered the sheriff to levy and make the debt out of the property of the surety. Now it is obvious that the judgment was not purchased as an investment, nor to give indulgence to the defendant; for the purchaser proceeded immediately to collect the debt. Nor were his instructions to the sheriff given to secure or advance his rights as a judgment creditor, for he admits that the levy under the execution upon the property of the principal was amply sufficient to pay the debt. As execution creditor, it was totally immaterial out of which defendant's property the debt was made. The judgment must have been purchased by the father, and the instructions to the sheriff given, either to promote the interests of his son, by satisfying the judgment out of the property of the surety; or, if done strictly for his own interest, it must have been to relieve his son's property from the lien of the execution, in order to charge it with some claim of his own. In either event, his purpose was to satisfy the debt out of the property of the surety, and thus defeat his equitable right to have the debt paid in the first instance out of the property of the principal, and to put at hazard his means of indemnity. In all its aspects, I think the equity of the bill is virtually confessed by the answer.

It is further insisted that the complainant has a complete and adequate remedy at law, and therefore has no title to

relief in this court. He can have no redress anywhere, except by the interposition of a court of law or of equity, to protect and enforce his claim to equitable relief. By the statute already referred to (*Nix. Dig.* 669), the legislature have conferred upon the court, out of which the execution issued, the power of administering equitable relief, where a judgment is recovered against both principal and surety. But it is perfectly well settled, that the conferring of equitable powers upon the courts of common law, does not take away or abridge the jurisdiction of a court of equity. It constitutes simply a case of concurrent jurisdiction, where either tribunal may afford relief, at the option of the party aggrieved.

It is insisted further that the bill is defective for want of proper parties, inasmuch as the principal debtor is not made a defendant. The objection is well taken. The injunction in this cause cannot be made perpetual without affecting the rights of the alleged principal. It is true, that not being a party, he will not be bound by the decree. But for that very reason he is a necessary party. The complainant is entitled to have both the defendants in execution before the court, in order that their rights, as well as his, may be finally settled. Whether the defendants in execution do, in fact, occupy the relation of principal and surety, is, in fact, the main subject of controversy, and that question cannot be settled, either as between the defendants themselves, or in relation to the rights of the complainant, unless they are both parties to the bill. But a defect of parties is not necessarily a reason for dissolving the injunction. The bill may be amended without prejudice to the injunction.

The affidavit of John Black, jun., is annexed to the answer. He denies, explicitly, the charges of the bill, that the loan was made for his individual benefit, and that the complainant signed the bond as surety only. It is objected, with much apparent reason, that the complainant should not be permitted to gain an unfair advantage, by omitting a necessary party. That if Black had been made a party, his

answer would have denied the whole equity of the bill, and entitled the defendants to a dissolution.

. There is no good reason to suppose that the party was omitted for the sake of gaining an unfair advantage. The frame of the bill justifies the belief that he was not deemed a necessary party. The objection may constitute a very good reason why the defendants should be permitted to renew their motion to dissolve, after the amendment has been made and the answer filed. But supposing that Black had been made a party, and had answered, denying the equity of the bill as explicitly as he has done by his affidavit, as the case now stands, I do not apprehend that the injunction must have been dissolved.

It is well settled that the injunction will not be dissolved as of course, even upon a full denial of the equity of the bill, if the court see good reasons for retaining it. Its dissolution depends upon the sound discretion of the court. *Chetwood* v. *Brittan*, 1 *Green's Ch. R.* 438; *Greenin* v. *Hoey*, 1 *Stockt.* 137; *Furman* v. *Clark*, 3 *Stockt.* 135; *Stotesbury* v. *Vail*, 2 *Beas.* 394; *Roberts* v. *Anderson*, 2 *Johns. Ch R.* 202; *Poor* v. *Carleton*, 3 *Sumner* 75; *Orr* v. *Littlefield*, 1 *Wood. & Minot* 13.

In this case, the complainant has annexed to his bill an affidavit of the attorney of the original creditors and plaintiffs in execution, by whom the loan was negotiated and the bond drawn. His evidence distinctly and fully confirms the charges of the bill, that the loan was made for the individual benefit of Black, and that Irick signed the bond as surety only. His evidence upon this point is full, clear, and unequivocal. Under such circumstances, especially where the dissolution of the injunction must defeat the complainant's equity, and effectually deprive him of the relief sought, the injunction should be continued to the hearing.

The motion is denied.