Cubberly *v.* Yager.

ENOS W. CUBBERLY

*v.*

IRA YAGER.

The vendee of lands assumed and agreed to pay two mortgages thereon as part of the purchase-money of his conveyance.—*Held,* that the vendor could compel him to pay the amount due on the mortgages, although the mortgagees were not parties to the suit.

*Mr. A. S. Appleget,* for complainant.

*Mr. Wm. Clark,* for defendant.

BIRD, V. C.

The complainant sold to defendant a tract of land for $4,000. In the deed was this clause:

"And the said Ira Yager doth assume two certain bonds and mortgages, held on said property, one held by Jacob Fisher for $500, and one held by John F. Applegate for $2,300, which sums the said Yager is to pay, and is deducted from the said purchase-money."

The deed contains covenants of warranty. The deed was executed and delivered in 1869. The defendant immediately took possession of the land, but neglects to pay the balance due the mortgagees.

Yager became the principal debtor and Applegate the surety, in the judgment of law. In such case equity will compel the principal to discharge the obligation. *Irick* v. *Black, 2 C. E. Gr. 189 ; Marsh* v. *Pike, 1 Sandf. Ch. 210 ; 10 Paige 595.*

I think the complainant is entitled to the aid of the court in compelling the defendant to discharge this obligation. He must pay the whole balance due. I cannot determine the amount due, as the holders of the mortgages are not before the court, and they have a right to be heard. But it is the business of the defendant to know the amount due, and to pay it.

19

There ought to be a decree in accordance with these views, with costs.