JOSEPH W. NORTH & SON, incorporated,

*v.*

HERBERT S. NORTH et al.

[Argued April 27th, 1920.   Decided May 9th, 1920.]

1. Where it is sought to mulch a complainant twice in damages for breaches of covenants involving the same subject-matter, resulting in a single injury, equity will protect against such evil consequences.

2. To invoke such relief the bill must be framed to show with certainty and definiteness the double liability as to amount and person, and must be established by satisfactory proof.

On petition for *habeas corpus*.

*Messrs. Lum, Tamblyn & Colyer (Mr. Ralph E. Lum, of counsel), for the complainant.

*Mr. Abe J. David,* for the defendants.

BACKES, V. C.

North, the defendant, sold his factory and business to the promoter of the complainant corporation. The complainant agreed to fill all orders for merchandise on the books of North, and further covenanted that

"the said company, however, in any and every event agrees to save harmless and indemnify the said North from any and all liability or loss or damage by reason of said orders mentioned in said schedules number 1 and 2 for the non-fulfillment thereof or any matter or thing connected therewith."

The complainant failed to fill the orders and North sued and recovered a judgment for $20,000 on the covenant to "indemnify the said North from any and all liability." The total liability was in excess of $20,000 but the trial court limited the verdict to that sum because of the *ad damnum* for that amount. The complainant appealed, and in lieu of a bond deposited with the Elizabeth Trust Company $21,500, to be turned over to North, and to be applied by him in satisfaction of the judgment, in the event of an affirmance. The judgment was affirmed. *North* v. *North, 108 Atl. Rep. 244.*

The complainant is also liable to the customers of North by reason of its undertaking to fill their orders (*Comp. Stat. p. 4059 § 28; Joslin* v. *New Jersey Car Spring Co., 36 N. J. Law 141; Chambers* v. *Philadelphia Pickling Co., 79 N. J. Law 1; Collier* v. *DeBrigard, 80 N. J. Law 94*), and the avowed effort of the bill is to compel North to apply the moneys in the hands of the trust company in discharge of that liability. The moneys are impounded by a restraining order *pendente.*

The proposition that the complainant ought not be twice mulcted in damages for breaches of covenants involving the same subject-matter and resulting in a single injury, and that equity will protect against such evil consequences, is sound in principle and supported by authority. *Loosemore* v. *Radford, 9 M. & W. 657; Sparkman* v. *Gove, 44 N. J. Law 252.* But the complainant is not entitled to relief under the bill as framed. The conception of the complainant's rights, as therein declared, is, that North's judgment is in the nature of a trust fund, to be applied, from time to time, in satisfaction of claims established at law against the complainant by the customers of North. who may see fit to sue, and that any surplus reverts to the complainant. So are the prayers. The theory is manifestly inadmissible, and the bill, in text and supplication, clearly overestimates the jurisdiction exercised by equity over judgments

at law in circumstances of this kind. It is not the province of this court to stay or in any manner interfere with the execution of the judgment of the supreme court. That judgment is a finality and the award must be yielded to North, and in full; in his own right, not in trust. There is no trust and chancery cannot create or impress one.

The privilege of the complainant is a bare equity of appropriation of the proceeds to the extinguishment of his dual liability so far as they may be necessary for that purpose, and no more, and to invoke that equity the complainant must point out with certainty and definiteness the double liability, as to amount and person, and establish it by satisfactory proof. The allegation of the bill "that the complainant is advised and alleges that under the terms of the agreement between the complainant and said North this complainant is also liable to certain of the persons named in the schedules 1 and 2 annexed to *Exhibit 'A,'* " is too ambiguous, and even as to that vague allegation there is no proof to sustain it.

Relief, as sought by the bill, will be denied with costs, with leave to amend in conformity with the views herein expressed. When at issue the case will be set down for further hearing.

The cause was tried upon the false theory of the bill, and under its influence the defendant North established a recovery against him by one Gutman for a large sum, against the liability of which the complainant had insured him. This was not controverted, and the restraining order will be modified to release enough money to pay the judgment.

An allowance, out of the fund, was asked for fees and expenses incurred by North in various litigations flowing out of breach of the main contract. The view I entertain and have expressed of the limitations upon the complainant's right to relief precludes consideration of this request. The request altogether overlooks the fact that North's judgment was recovered exclusively upon the breach of the complainant's covenant of insurance against liability, and that North is entitled to recover the full amount of his judgment, subject only to the equitable duty of applying

as much thereof as may be required to discharge the complainant's double liability that may be established and decreed in this suit.

The defendant North set up in bar to relief that the complainant deposited the fund with the Elizabeth Trust Company under an agreement that it should be paid to him upon the affirmance of his judgment, and that this promise was an original undertaking and wholly independent of the equity now invoked, and a waiver. Reading the contract in the light of its recitals leaves no doubt that the fund was posted, solely, as a convenient makeshift or substitute for an appeal bond, with all rights and equities unimpaired. Another and conclusive answer to this plea is that had the terms of the agreement, in fact, been executed, and the moneys paid to North, the equity of the complainant would have survived, and he could have been decreed to appropriate the money so paid over to him.