JOSEPH W. NORTH & SON, Inc.,

v.

HERBERT S. NORTH et al.

[Decided June 1st, 1921.]

1. A corporation, on purchasing a business, agreed to fill the orders of the seller's customers and to save him harmless from liability to them. On its failure to fill the orders, the seller recovered judgment requiring the payment of an amount of money to indemnify him from liability therefor. Subsequently, a customer recovered a judgment against the purchaser on an unfilled order, and the purchaser sued to require the appropriation of enough from the amount recovered by the seller to satisfy such customer's judgment.—*Held*, that such judgment was *prima facie* evidence against the seller of the purchaser's liability, and if the seller had notice of the suit and an opportunity to defend, it was conclusive against him.

2. A corporation which, on purchasing a business, agreed to fill the seller's orders and to hold him harmless from liability to his customers, and on failing to fill such orders, paid to the seller the amount of a judgment recovered by him as indemnity, may call on the seller to appropriate from the amount thereof sufficient money to satisfy a judgment thereafter recovered by a customer against it, and need not wait until it has suffered harm by paying the debt, the position of the parties being analogous to that of principal and surety.

3. In such case, the purchaser, on recovery of a judgment against him by a customer, may call on the seller to appropriate sufficient money from the indemnity judgment to satisfy the customer's judgment, although the purchaser's original liability was unliquidated, the effect of the judgment being to liquidate the liability.

4. Though the judgment in favor of the seller was considerably less than the total amount owed by him, he may be compelled to apply the amount of such judgment in discharge of the purchaser's liability on the judgment recovered against him by a customer, their liability being identical, and the effect of applying the amount of his verdict towards the satisfaction of the customer's judgment against the purchaser being to release both purchaser and seller to that extent, leaving each still liable for the balance.

On final hearing.

*Mr. Abe J. David,* for the complainant.

*Messrs. Lum, Tamblyn & Colyer* (*Mr. Ralph Lum*), for the defendant.

BACKES, V. C.

The complainant has supplemented its bill, as suggested in the conclusions filed May 9th, 1920 (*North* v. *North, 91 N. J. Eq. 390*), and now sets up that on February 24th, 1921, the Plaut company recovered a judgment against it for $300 damages, for failure to fill one of the orders mentioned in the "Schedule," and that payment is demanded; and it prays that sufficient money be appropriated out of the fund of $20,000 in the Elizabeth Trust Company to extinguish the liability. (Since the filing of the supplemental bill the fund has been paid over to the defendant— he being financially responsible—and the prayer is regarded as calling upon him to relieve the complainant of the judgment.) The answer admits, *sub silentio,* the allegation, but denies the right of the complainant to relief. The cause came on for hearing on bill and answer. I have already held that the complainant is entitled to recover upon establishing its liability. This has now been done by the judgment. The judgment is *prima facie* evidence against the defendant, and if he had notice of the suit, and an opportunity to defend (which is not pleaded, but counsel states he had), it is conclusive against him. *32 Cyc. 270.* The present position of the parties is analogous to that of principal and surety. The defendant has now become the principal and the complainant the surety. A surety may call upon his principal to save him harmless; he need not wait until he has suffered harm by paying the debt. *Irick* v. *Black, 17 N. J. Eq. 189; Holcombe* v. *Fetter, 70 N. J. Eq. 300; Chancellor* v. *Towell, 80 N. J. Eq. 223.*

The defendant's counsel draws a distinction between the right to equitable relief where the liability is a fixed sum, as in *Loosmore* v. *Radford, 9 M. & W. 657* (cited in *Sparkman* v. *Gove, 44 N. J. Law 252,* and in *North* v. *North, 93 N. J. Law 438; affirmed, Id. 476*), and where, as in the present case, the liability is unliquidated. The difference, if any, lies in the character of the proof and not in the applicability of the principle. The distinction vanishes with the coming of the judgment. The lia-

bility is then liquidated. This distinction was adverted to in my former conclusions (*110 Atl. Rep. 581*), where it was said that "to invoke that equity (the one now sought) the complainant must point out with certainty and definiteness the double liability, as to amount and person, and establish it by satisfactory proof." The liability reduced to judgment is one form of proof; proof of payment of the exact damage is another.

The defendant also sets up in his answer and contends that he suffered damage to the amount of $60,000 because of the complainant's failure to save him harmless from liability, and that, although he was limited by the *ad damnum* of his complaint, in his suit at law, to a maximum recovery of $20,000, which he recovered (*93 N. J. Law 438*), his damage of $60,000 was in fact mitigated, in some degree, at least, by the testimony of the complainant that it had novated much of the defendant's liability and had caused other of it to be canceled. This testimony, he alleges, was untrue, and he avers that he is still liable to his former customers in sums, in the aggregate, greatly in excess of the amount of his judgment, and that, therefore, it would be inequitable to compel him to apply the amount of his judgment, or any part of it, in discharge of the complainant's liability. I confess I am unable to follow the argument. Whenever and however the defendant discharges the complainant's liability he discharges his own. Their liability is identical. And, so, whether the defendant be compelled to apply his $20,000 verdict towards the satisfaction of one or the other of his customer-creditors' claims, it releases both only to that extent, leaving each still liable for the balance. The defendant's dilemma is that he has not enough money-verdict to go around. This unfortunate situation was brought about by the rule of the law court. The jury was not privileged to award the defendant as much as he now asserts is necessary to relieve him of the liability against which the complainant had promised to protect him, because in his pleadings he had limited the amount of his damage, which was unliquidated, to $20,000. *Excelsior Electric Co.* v. *Sweet, 59 N. J. Law 441.* Withdrawal of a juror, by permission of the court, and an amendment to an otherwise formal part of the pleading, and a new trial, or submitting to a nonsuit and a suit *de novo,* were

the only ways open to a verdict equal to the damage. Then, had the verdict been the amount of the defendant's liability to his customers, he would not be in his present predicament to stretch a $20,000 verdict to pay a $60,000 liability.

This situation may arise hereafter—it is not now before me. A customer-creditor may sue the complainant only, foregoing his right of action against the defendant. If, perchance, the customer should be one whose claim the complainant set up in the action at law as having been settled or taken over by it, the defendant could, probably, raise an estoppel and defeat the complainant's bill for protection *pro tanto.*

The complainant is entitled to a decree for the amount of the Plaut judgment.