Complainant was an accommodation endorser for defendant Myers on several promissory notes. The notes were not paid at maturity and judgments were recovered by the owners of the notes against Myers and complainant. Executions were then issued and levies made on complainant's land.
In that situation complainant filed the present bill against defendant Myers and one Leff, alleging that shortly prior to the entry of the judgments Myers was the owner of certain real estate and executed a mortgage against it to defendant *Page 503 
Leff, which mortgage was without consideration and wholly voluntary and was executed to defraud the creditors of Myers.
The bill seeks a decree declaring the mortgage void, and an injunction against the assignment of the mortgage by Leff. The judgment creditors are not made defendants.
Hearing has been had at the return of an order to show cause for the restraint sought.
The rights of a surety in seeking protection against loss are well defined. He may pay the debt and by operation of law become entitled to all the rights and remedies of the creditor against the principal. That is defined as legal subrogation and results from the relation of surety and principal. But in equity the surety's remedy is not necessarily confined, as at law, to obtaining indemnity after payment of the debt. When protection can be afforded a surety without substantial injury to the creditor a court of equity may award that relief without the debt being first paid by the surety. In such circumstances the creditor may be restrained from selling the property of the surety until the property of the principal is first exhausted. Bills of that nature have been classed and sustained as billsquia timet. Wooldridge v. Norris (L.R.), 6 Eq. Cas. 410,413. In Philadelphia and Reading Railroad Co. v. Little,41 N.J. Eq. 519 (at p. 530), it is pointed out that the fundamental ground for relief of the nature stated is essentially the same as that of marshalling assets for the benefit of a surety in foreclosure cases. This right of a surety to equitable protection without first paying the debt has been frequently recognized by the courts of this state. Irick v. Black,17 N.J. Eq. 189; Philadelphia and Reading Railway Co. v. Little,supra; Delaware, Lackawanna and Western Railroad Co. v. OxfordIron Co., 38 N.J. Eq. 151, 153; Cubberly v. Yager, 42 N.J. Eq. 289; Rue v. Meirs, 43 N.J. Eq. 377; DeGrauw v. Mechan,48 N.J. Eq. 219, 227; Kidd v. Hurley, 54 N.J. Eq. 177, 180; BeaconLamp Co. v. Travelers Insurance Co., 61 N.J. Eq. 59; Law v.Smith, 68 N.J. Eq. 81, 84; Holcombe v. Fetter, 70 N.J. Eq. 300; Chancellor v. Towell, 80 N.J. Eq. 223, 226; Trustees,c., v. First National Bank, 87 N.J. Eq. 84, 89; *Page 504 Stokes v. Bur. Co. Trust Co., 91 N.J. Eq. 39, 41; North Son
v. North, 93 N.J. Eq. 70, 71; affirmed, Ibid. 508.
But an examination of these authorities will disclose that relief of this nature should only be awarded with due regard to the interests of the creditor; the creditor should not be subjected to the danger of loss or even unreasonable delay in collecting his debt; indemnity against loss may be required; the special circumstances of the case may control the relief.
In the present bill the creditors have not been made parties defendant. Obviously they cannot be prevented from proceeding to collect their judgments without being made parties and awarded a hearing. And the surety, complainant herein, is not a judgment creditor of his principal, and, in consequence, has no footing in this court to contest the validity of the alleged fraudulent mortgage in his own right as creditor of his principal. UnitedStores Realty Corp. v. Asea, 102 N.J. Eq. 600. His right, if any, to contest the validity of the alleged fraudulent mortgage must be exercised through the judgment creditors of the principal, and they have not been brought in for that purpose.
It necessarily follows that no relief of the nature sought can be here awarded complainant. Whether such relief would be awarded with the judgment creditors brought in cannot properly be determined at this time.