Complainant's bill sets forth that it is a railroad company; that the defendant electric company, desiring to construct for its own benefit a line of poles and wires across complainant's right of way, necessitating the raising of complainant's wires on its own right of way, sought and obtained *Page 458 
permission from complainant so to do; that said permission was contained in a contract between the parties under which complainant reserved the right to do, by its own employes, the portion of the work within the railroad right of way, and under which the defendant was to pay the entire costs and expenses incurred by the work and indemnify the complainant against loss, claim or damages resulting therefrom (unless caused in whole or in part by complainant's negligence); that in the doing of the work within the complainant's right of way one of complainant's employes was accidently killed without any negligence on the part of the complainant; that suit was brought by said employe's widow for compensation for herself and dependent children, under the Workmen's Compensation act of this state; that complainant notified defendant of this suit and gave defendant opportunity to defend and repeated such notices during the progress of the suit; that defendant failed to defend or to assist in anywise in defending, but paid no attention to the notices; that complainant, by competent counsel, itself defended the suit, but judgment for compensation passed against complainant; that complainant notified defendant of the judgment and called on defendant to pay it; that defendant refused to pay the judgment without giving any reason for its refusal; that complainant thereafter paid the judgment itself; that complainant has brought suit in the supreme court against defendant under the indemnity agreement heretofore mentioned, for the recovery of the amount so paid, setting up the foregoing facts; that defendant has filed an answer in said suit setting up "that, at the time and place of the accident to plaintiff's [complainant's] employe, he and plaintiff [complainant] were engaged in interstate commerce; that therefore there was no liability on the part of plaintiff [complainant] or defendant, under the Compensation act or otherwise; that hence the payment of the judgment by plaintiff [complainant] was a voluntary payment and is not recoverable from defendant."
The bill further charges (in effect) that defendant, by *Page 459 
its conduct, should be estopped from setting up such defense in the suit at law, and prays injunction and restraint against its so doing.
Defendant moves to strike out the bill on the ground that it sets forth no equitable cause of action, or grounds for equitable relief, and that complainant has an adequate remedy at law. Defendant contends that the facts set forth in the bill are insufficient to raise an equitable estoppel against defendant's setting up the hereinbefore-mentioned defense in the suit at law; and that if there be any doubt about that, the defense of estoppel is available to complainant at law, can be set up by defendant in that action, and if so set up, can be and will be determined in the suit at law, and hence equity should not intervene.
It is not perceived that any real question of equitable estoppel is here involved. If there were, this court might well take a course similar to that pursued by it in the case ofKronson v. Lipschitz, 68 N.J. Eq. 367, retaining the bill, and permitting the parties to proceed at law up until verdict, but restraining defendant from proceeding at law after verdict without the further order of this court.
The answer (at law) of the defendant, however (as set forth in the bill of complaint), simply alleges certain facts to be true, and says that under those facts there was no legal liability on the part of complainant to the compensation claimant; in other words, it alleges that there was a valid defense to the compensation action.
This answer (at law) constitutes no defense to complainant's action at law. For one thing, it does not allege that the alleged defense to the compensation claim was not set up by the present complainant in the compensation action; but even if it did so allege, it would not be a defense to complainant's suit at law.
A judgment against the indemnitee is conclusive against the indemnitor — in a suit by the former against the latter — if the indemnitor had notice of the prior suit against the indemnitee and an opportunity to defend. Joseph W. North *Page 460 Son v. North, 93 N.J. Eq. 70 (at p. 71); affirmed, Ibid.508; 14 R.C.L. 62.
This is a principle of the law of indemnity, and suretyship, and guaranty, and is just as available to complainant at law as in equity. It is not necessary for him to come into a court of equity for protection against such conduct as that of the present defendant. There is, therefore, no inadequacy of remedy to complainant at law.
The electric company's contract of indemnity was very broad and comprehensive — as indeed would be expected. The whole work was solely for the benefit of the electric company, and the railroad company gave the electric company the privilege it sought, without cost, and was, of course, entitled to be fully protected. Accordingly the electric company agreed to "protect" the railroad company "from all cost or expense resulting from any loss of life * * * and from and against all claims, demands oractions for such loss * * *."
Under this contract it was the duty of the electric company itself to have defended the compensation suit brought against the railroad company. Its conduct in not only failing so to do, but in paying no attention to the railroad company's notices to it of the claim made, and the suit brought, and the judgment rendered, and the judgment paid, and in failing to reimburse the railroad company, in compelling the railroad company to sue for such reimbursement, and in interposing or attempting to interpose in such suit a sham defense — all of which clearly appears in the case in this court — is conduct not only inequitable, but inexplicable.
Hence, although the motion to strike the bill out must prevail, for the reasons set forth, it will be without costs to defendant.
Complainant may desire certain recitals in the decree. The form thereof may be settled on notice. *Page 461