The first cause of action set up in the bill seeks an injunction against the prosecution of a suit at law on an agreement by complainants to assume payment of a mortgage made by the defendant Tepperman. The mortgage in question is presently held by the defendant Lippman and Lowy, Incorporated; at least that is the inference to be drawn from the pleadings which are none too specific in this respect.
The mortgage covered premises in Nutley, New Jersey, which were conveyed to the complainants by Tepperman in exchange for a farm property in Maryland, and was subject to the lien of a first mortgage held by the Knights of Pythias Building and Loan Association of Newark. Default having occurred, the first mortgage was foreclosed and the property sold to the first mortgagee on a bid of $100. It is indicated, however, that the sale has not yet been confirmed.
Prior to the date of the sheriff's sale, but subsequent to the institution of the foreclosure, Tepperman brought suit in the Essex county circuit court for the amount due on the assumption agreement, which was alleged to be the amount then due on the Lippman and Lowy mortgage. Tepperman has not yet paid anything to Lippman and Lowy on the bond which they hold, nor has payment been demanded of him.
Upon the institution of the suit at law, complainants filed their bill to restrain its prosecution until credit be given for the value of the mortgaged premises. The matter is now before the court on the return of an order to show cause why a preliminary restraint should not be continued and on a motion by the defendants to strike the bill for the reason that it discloses no grounds for equitable relief. In passing upon these questions, it should be noted that this is not a suit for a deficiency brought by a mortgagee. Rather it is *Page 400 
a suit between two principals to a specialty and is, therefore, not affected by the provisions of the Mortgage act relating to suits for deficiency. P.L. 1880 p. 255, and amendments thereto.Algrod Realty Co. v. Bayerl, 10 N.J. Mis. R. 651. The basis for such a suit is the express agreement of the assuming grantee to pay a debt for which the plaintiff is liable. Sparkman v.Gove, 44 N.J. Law 252. It does not rest upon the relation of principal and surety but upon a covenant under seal. Finley v.Simpson, 22 N.J. Law 311; Howell v. Baker, 106 N.J. Eq. 434.
In the Sparkman Case the grantor sued his grantee for breach of the latter's covenant to assume payment of a certain mortgage. The mortgage debt was past due, but the grantor had not been called upon to pay it, and no deficiency had yet been established under any foreclosure proceedings. The supreme court there held that the plaintiff was entitled to a judgment for the full amount due on the mortgage, and defined the nature and extent of the liability of a grantor upon a covenant to assume payment of an existing mortgage debt. This decision was followed in Hoppaugh
v. McGrath, 53 N.J. Law 81, and was cited with approval by the court of errors and appeals in Smith v. Smith,90 N.J. Law 282; North v. Joseph W. North Son, Inc., 93 N.J. Law 438, and Malcolm v. Lavinson, 110 N.J. Law 63.
Any fear that the entry of a judgment in such an action might result in a party being twice mulcted in damages for breaches of covenants involving the same subject-matter and resulting in a single injury may be dispelled by a reference to Sparkman v.Gove, supra, and Joseph W. North Son, Inc., v. North,91 N.J. Eq. 390; 93 N.J. Eq. 70; affirmed, Ibid. 508.
If it be said that the action at law is really an attempt by a surety to obtain exoneration, then the defendant in that action has an adequate remedy at law, for it is only in equity that exoneration may be had (Beacon Lamp Co. v. TravellersInsurance Co., 61 N.J. Eq. 59; Stultz-Sickles Co. v. FredburnConstruction Co., 114 N.J. Eq. 475) and that defense might well be raised in the law action. *Page 401 
The second cause of action, however, charges fraud in the inception of the original contract of exchange covering the Nutley property and the farm in Maryland. The defendants have moved to strike out this part of the bill on the ground that it does not state an equitable cause of action and on the further ground that complainants are in laches. As to the first point, the allegations of the bill must be accepted as true for the purpose of this motion, and since actual fraud is alleged, the bill ought to go to final hearing.
Mere lapse of time does not bar relief but may be explained.Tynan v. Warren, 53 N.J. Eq. 313; Wilson v. Stevens,105 N.J. Eq. 377. Hence, while laches is a defense which may properly be pleaded, the bill ought not to be stricken on such a ground.
The motion to strike will be denied. The preliminary restraint of the action at law will be continued pending final hearing on the other charges of the bill. The question as to whether that restraint will be made permanent will be held until the disposition of the allegations of the second cause of action, since complainants seek an abatement of such amount as may be due on the assumption agreement to the extent of such damages as may be proven to have resulted from the alleged fraud. Schmidt v.Frey, 86 N.J. Law 215. *Page 402